UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JORGE ESTUARDO CIFUENTES LIMA, | CASE NO. 2:26-cv-01895-DGE |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |
| v. | |
| ICE FIELD DIRECTOR et al., | |
| Respondents. | |

Before the Court is Petitioner Jorge Cifuentes Lima's petition for writ of habeas corpus. (Dkt. No. 1.)  Having reviewed the petition, the return (Dkt. No. 5), and the reply (Dkt. No. 10), the Court DENIES the petition.

## I    BACKGROUND

On May 26, 2018, Petitioner, a citizen and native of Guatemala, was admitted into the United States as a "non-immigrant Visitor for Pleasure" with authorization to remain in the country until November 25, 2018.  (Dkt. No. 6 at 1.)  Petitioner remained in the country after his authorization expired.  On December 5, 2025, Petitioner was arrested for "Domestic Violence—

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 1

Inflicting Traumatic Injury[,]" which Respondents contend remains pending.[1]  (*Id.* at 2.)  On March 9, 2026, Petitioner was convicted of possession of methamphetamine and sentenced to four years of confinement, which was suspended.  (*Id.*; *see also* Dkt. No. 1 at 14 (copy of March 9, 2026 judgment and sentence).)  On March 16, 2026, Petitioner was convicted of providing false identification.  (Dkt. No. 6 at 2.)  On March 30, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody from the Idaho Department of Corrections.  (Dkt. No. 6 at 2.)  Petitioner was issued a Notice to Appear, identifying him as removable pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i) as having been convicted of a law related to a controlled substance, and INA § 237(a)(1)(B) for remaining in the United States for a time longer than permitted.  (Dkt. No. 7-1 at 2, 5.)

On May 18, 2026, Petitioner appeared at a bond hearing before a Tacoma immigration judge.  (Dkt. No. 7-2 at 2.)  The immigration judge concluded they did not have jurisdiction to release Petitioner on bond because he was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).[2]  (Dkt. No. 7-2 at 2.)  Petitioner alleges he submitted documentation for the immigration judge to consider, but during the hearing, "the immigration judge stated that he had not received [the] evidence" and "he considered that the evidence had not been presented and was not given significant consideration before the decision to place in mandatory detention was issued."  (Dkt. No. 10 at 3.)  On June 2, 2026, an immigration judge denied Petitioner's application for asylum and withholding of removal and ordered him removed to Guatemala.  (Dkt. No. 7-3 at 4–6.)  It appears Petitioner recently appealed this decision to the Board of Immigration Appeals.  (Dkt. No. 10-2 at 48–54.)

---

[1] Petitioner alleges in his reply brief that the case was dismissed.  (Dkt. Nos. 10 at 4; 10-2 at 8.)

[2] Petitioner appealed this order.  (*See* Dkt. No. 10-1 at 70–76.)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 2

On June 1, 2026, Petitioner filed his petition for writ of habeas corpus.  (Dkt. No. 1.)  The Court issued its general scheduling order pursuant to General Order 10-25.  (Dkt. No. 3.)  Respondents timely filed their response.  (Dkt. No. 5.)  On June 22, 2026, Petitioner filed a motion for an extension of time to file a reply to his petition, which the Court granted.  (Dkt. Nos. 8, 9.)  Petitioner filed his reply on July 8, 2026.  (Dkt. No. 10.)  The matter is now ripe for review.

**II      LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States."  *Doe v. Bostock*, Case No. C24-cv-00326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, Case No. C24-cv-00326-JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).  Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'"  *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

**III      ANALYSIS**

Petitioner argues (1) he is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c); (2) Respondents have violated his due process rights by denying him a bond hearing; and (3) his continued detention has become excessive and unreasonable.  (Dkt. No. 1 at 10–11.)

**A.  Petitioner is Subject to 8 U.S.C. § 1226(c).**

Petitioner argues he is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because his past offense does not fall within scope of the statute.  (Dkt. No. 1 at 10.)

8 U.S.C. § 1226 "generally governs the process of arresting and detaining [inadmissible noncitizens] pending their removal."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).  Section 1226 distinguishes between two different categories of noncitizens.  Section 1226(a) sets out the "default rule," *id.*: the Attorney General may issue a warrant for the arrest and detention of a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States."  "Except as provided in subsection (c) of this section," the Attorney General "may release" a noncitizen detained under § 1226(a) on "bond" or "conditional parole."  8 U.S.C. § 1226(a).

However, § 1226(c) carves out a statutory category of noncitizens who *may not* be released under § 1226(a).  Under § 1226(c), the "Attorney General shall take into custody" any noncitizen who falls within one of the several enumerated categories involving criminal offenses and terrorist activities.  8 U.S.C. § 1226(c)(1).  Relevant here, § 1226(c)(1)(B) requires the Attorney General to take into custody any noncitizen who has committed any offense covered in 8 U.S.C. § 1227(a)(2)(B).  Section 1227(a)(2)(B) applies to a noncitizen who "at any time after admission has been convicted in a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance[.]"  The Attorney General may release noncitizens in those categories "*only if* the Attorney General decides" both that doing so is necessary for witness-protection purposes *and* that the noncitizen will not pose a danger or flight risk.  8 U.S.C. § 1226(c)(4) (emphasis added).  Any release under those narrow conditions

"shall take place in accordance with a procedure that considers the severity of the offense committed by the alien." *Id.*

Here, Petitioner was convicted in possession of methamphetamine on March 9, 2026, a conviction which falls within the purview of § 1227(a)(2)(B). Though Petitioner argues his conviction did not involve trafficking, distribution, or any aggravating circumstances, § 1227(a)(2)(B) applies to any noncitizen who has been convicted of a crime involving "any law . . . relating to a controlled substance." Therefore, Petitioner is subject to mandatory detention under § 1226(c).[3]

### B. Petitioner's Bond Hearing.

Petitioner argues Respondents violated his due process rights under the Fifth Amendment by denying him "a meaningful and fair individualized bail hearing [despite] substantial evidence" he was neither a danger to the community nor a flight risk. (Dkt. No. 1 at 10.) However, as stated above, Petitioner is subject to mandatory detention pursuant to § 1226(c). Therefore, the immigration judge accurately determined they did not have jurisdiction to release Petitioner on bond.

### C. Petitioner Has Not Shown His Detention Is Unreasonable or Excessive

Petitioner argues his ongoing detention "without a constitutionally adequate custody determination is excessive and unreasonable under the circumstances of [his] case." (Dkt. No. 1 at 11.) In a declaration attached to his petition for writ of habeas corpus, Petitioner attests his continued detention is "causing serious hardship to his family and interfered with [his] ability to support and assist [his] family in legal matters[.]" (Dkt. No. 1 at 9.)

---

[3] Petitioner provides no facts or argument indicating he is subject to release pursuant to § 1226(c)(4).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 5

At a "bare minimum," noncitizens subject to civil immigration detention—just like people detained under civil process or accused but not convicted of a crime—"cannot be subjected to conditions that 'amount to punishment.'" *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  Conditions of confinement amount to punishment if they are "expressly intended to punish," "excessive in relation to their non-punitive purpose," or "employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 932 (internal quotation marks and citations omitted).

Petitioner does not meaningfully contend his detention is expressly intended to punish him, excessive, or that there are alternative methods to achieve the objective.  Thus, Petitioner fails to show that his detention amounts to punishment.

## IV     CONCLUSION

Accordingly, the Court DENIES Petitioner's petition for writ of habeas corpus.  (Dkt. No. 1.)  The Clerk is directed to: send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address; enter judgment; and close the matter.

Dated this 10th day of July, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 6